UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SARAH L. HALL

                      Plaintiff,

      v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

                      Defendant.

**DECISION
and
ORDER**

**17-CV-00360-LGF
(consent)**

---

APPEARANCES:           LAW OFFICES OF KENNETH R. HILLER
                                  Attorneys for Plaintiff
                                  IDA M. COMERFORD, of Counsel
                                  6000 Bailey Avenue
                                  Suite 1A
                                  Amherst, New York 14226

                                  JAMES P. KENNEDY, JR.
                                  ACTING UNITED STATES ATTORNEY
                                  Attorney for Defendant
                                  HASEEB FATMI
                                  Assistant United States Attorney, of Counsel
                                  Federal Centre
                                  138 Delaware Avenue
                                  Buffalo, New York 14202, and

                                  STEPHEN P. CONTE
                                  Regional Chief Counsel
                                  United States Social Security Administration
                                  Office of the General Counsel, of Counsel
                                  26 Federal Plaza
                                  Room 3904
                                  New York, New York 10278

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

**JURISDICTION**

On June 19, 2018, the parties consented, pursuant to 28 U.S.C. § 636(c) and a Standing Order (Dkt. No. 13), to proceed before the undersigned. (Dkt. No. 13-1). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings, filed on September 29, 2017, by Plaintiff (Dkt. No. 9), and on November 28, 2017, by Defendant (Dkt. No. 11).

**BACKGROUND and FACTS**

Plaintiff Sarah Hall ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying her application for disability benefits for Supplemental Security Income ("SSI") benefits under Title II of the Act, and Social Security Disability Insurance ("SSDI") benefits under Title XVI of the Act, together ("disability benefits"). Plaintiff, born on May 7, 1976 (R. 217),[2] alleges that she became disabled on July 21, 2011, when she stopped working as a result of anxiety, post-traumatic stress disorder ("PTSD"), bipolar disorder, depression, back pain syndrome, blood pressure issues, and severe panic attacks. (R. 239).

Plaintiff's application for disability benefits was initially denied by Defendant on May 12, 2014 (R. 119), and, pursuant to Plaintiff's request on May 27, 2014, a hearing was held before Administrative Law Judge Jack McCarthy ("Judge McCarthy" or "the ALJ") on May 10, 2016, in Buffalo, New York, at which Plaintiff, represented by Kelly

---

[2] "R" references are to the page numbers in the Administrative Record electronically filed in this case for the Court's review. (Dkt. No. 8).

Laga, Esq. ("Laga") appeared and testified.  (R. 42-88).  Vocational expert James Israel ("VE Israel" or "VE"), also appeared and testified.  (R. 76-88).  The ALJ's decision denying Plaintiff's claim was rendered on June 22, 2016.  (R. 19-36).  Plaintiff requested review by the Appeals Council, and on March 2, 2017, the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review.  (R. 1-4).  This action followed on April 28, 2017, with Plaintiff alleging that the ALJ erred by failing to find her disabled.  (Dkt. No. 1).

On September 29, 2017, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 9) ("Plaintiff's Memorandum").  Defendant filed, on November 28, 2017, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 11) ("Defendant's Memorandum").  Oral argument was deemed unnecessary.

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error.  *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

## A. Standard and Scope of Judicial Review

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits. *Id.* The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[4] 42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional

---

[4] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

**B.   Substantial Gainful Activity**

The first inquiry is whether the applicant engaged in substantial gainful activity. "Substantial gainful activity" is defined as "work that involves doing significant and productive physical or mental duties" done for pay or profit. 20 C.F.R. § 404.1510(a)(b). Substantial work activity includes work activity that is done on a part-time basis even if it includes less responsibility or pay than work previously performed. 20 C.F.R. §

6

404.1572(a). Earnings may also determine engagement in substantial gainful activity. 20 C.F.R. § 404.1574. In this case, the ALJ concluded Plaintiff had not engaged in substantial gainful activity since January 2, 2013, Plaintiff's alleged onset date of disability. (R. 21). Plaintiff does not contest this finding.

C. <u>**Severe Physical or Mental Impairment**</u>

The second step of the analysis requires a determination whether the disability claimant had a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R. § 404.1509 ("§ 404.1509"), and significantly limits the claimant's ability to do "basic work activities." If no severe impairment is found, the claimant is deemed not disabled and the inquiry ends. 20 C.F.R. § 404.1420(a)(4)(ii).

The Act defines "basic work activities" as "abilities and aptitudes necessary to do most jobs," and includes physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) ("§ 404.1521(b)"), 416.921(b). The step two analysis may do nothing more than screen out *de minimus* claims, *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995), and a finding of a non-severe impairment should be made only where the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on the claimant's ability to work. *Rosario v. Apfel,* 1999 WL 294727, at *5 (E.D.N.Y. March 19, 1999) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856).

In this case, the ALJ determined that Plaintiff suffered from the severe impairments of mild degenerative disc disease of the lumbar spine, minimal degenerative joint disease of the left knee, obesity, major depressive disorder, anxiety disorder not otherwise specified ("NOS"), and panic disorder with agoraphobic features, and that Plaintiff's minimal cervical spine degenerative disease, migraine headaches, hypertension, gastric reflux disease, kidney stones, ovarian cysts, sinusitis, obstructive sleep apnea, and hypothyroidism were not severe.  (R. 22).  Plaintiff does not contest the ALJ's step two disability findings.

D. **Listing of Impairments**

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the criteria for disability under Appendix 1 of 20 C.F.R. Pt. 404, Subpt. P ("The Listing of Impairments"), specifically 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 1.02 (Major Dysfunction of a Joint), 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 1.04 (Disorders of the spine), 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.04 (Affective Disorders), and 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.06 (Anxiety Related Disorders).  (R. 23-24).  Plaintiff does not contest the ALJ's step three findings.

E. **Residual functional capacity**

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden

8

shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv), and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training. *Parker*, 626 F.2d 225 at 231. To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id*. An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294.

In this case, the ALJ found that Plaintiff was capable of performing light work with limitations to standing or walking for six hours in an eight-hour day, occasional stooping, kneeling, crouching, crawling, and climbing of ramps and stairs, frequent balancing on flat surfaces, avoiding vibration, unprotected heights, extreme cold and hazardous moving machinery, fast paced and/or strict production standard jobs and interaction with the public, the ability to understand, remember and carry out simple instructions that can be learned in 30 days or less, and occasional interaction with supervisors and co-workers. (R. 25). Plaintiff does not contest the ALJ's residual functional capacity assessment of Plaintiff.

Credibility of Plaintiff's Subjective Complaints

Here, the ALJ, as required, upon evaluating Plaintiff's impairments under 20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526, determined that although the record established Plaintiff had the severe impairments of mild degenerative disc disease of the lumbar spine, minimal degenerative joint disease of the left knee, obesity, major depressive disorder, anxiety disorder NOS, and panic disorder with agoraphobic features, Plaintiff's statements concerning the intensity, persistence and limiting effects of Plaintiff's symptoms were not credible to the extent the statements were inconsistent with Plaintiff's testimony. (R. 22, 26). The ALJ further based Plaintiff's credibility assessment on Plaintiff's inconsistent reports of activities of daily living (R. 31), and positive response to her psychiatric treatment. (R. 17-26). Plaintiff contends that the ALJ's credibility determination is erroneous because the ALJ mischaracterized evidence in the record, relied on factual error, cherry-picked evidence, and improperly weighed the medical opinion of Nurse Practitioner White ("N.P. White"). Plaintiff's Memorandum at 17-26. Defendant maintains that the ALJ properly assessed Plaintiff's credibility and supported the ALJ's credibility finding with inconsistent statements and allegations of pain with Plaintiff's activities of daily living, a normal comprehensive adult psychiatric evaluation completed by Christine Ransom, Ph.D., ("Dr. Ransom"), on April 28, 2014 (R. 388-95), and that the ALJ properly weighed the opinion of N.P. White. Defendant's Memorandum at 21-30.

It is the function of the ALJ, not the court, to assess the credibility of witnesses. *See Tankisi v. Commissioner of Social Security*, 521 Fed. Appx. 29, 35 (2d Cir. 2013). Pain or other symptoms may be important factors contributing to a disability claimant's

functional loss and affects a claimant's ability to perform basic work activities where relevant medical signs or laboratory findings show the existence of a medically determinable impairment that could "reasonably" be expected to cause the associated pain or other symptoms. 20 C.F.R. § 404.1529(c)(3). "A claimant's testimony is entitled to considerable weight when it is consistent with and supported by objective medical evidence demonstrating that the claimant has a medical impairment which one could reasonably anticipate would produce such symptoms." *Hall v. Astrue*, 677 F.Supp.2d 617, 630 (W.D.N.Y. 2009) (citing *Latham v. Commissioner of Social Security*, 2009 WL 1605414, at *15 (N.D.N.Y. 2009)).

The ALJ's credibility finding on Plaintiff is supported by substantial evidence in the record. In particular, on September 25, 2013, Keith Fuleki, D.O. ("Dr. Fuleki"), Plaintiff's primary physician, evaluated Plaintiff with good eye contact, linear and goal directed thought processes, and appropriate mood and behavior. (R. 516). On April 28, 2014, Dr. Ransom completed an adult psychiatric evaluation on Plaintiff and evaluated Plaintiff with intact attention, concentration and immediate memory, average intellectual functioning, no difficulty understanding and following simple directions and instructions, performing simple tasks independently, and maintaining attention and concentration, and mild difficulty performing complex tasks, relating adequately with others and dealing appropriately with stress. (R. 389-90). On January 15, 2015, Dr. Fuleki evaluated Plaintiff with only mild anxiety. (R. 533). On February 24, 2016, Nurse Practitioner Gloria White ("N.P. White"), provided psychotherapeutic counseling to Plaintiff and noted that Plaintiff's anxiety was better managed and she did not need her medication when at home. (R. 593). On April 6, 2016, N.P. White noted that Plaintiff reported less

anxiety while at home, and that her activities included exercising at the gym six days each week, attending a bariatric weight loss support group, and completing errands and appointments with some difficulty while taking her Xanax (anxiety) medication. (R. 593). In accordance with foregoing, the ALJ's credibility assessment of Plaintiff was based on a thorough discussion of Plaintiff's testimony (R. 26-27), Plaintiff's reported activities of daily living (R. 31), and is supported by substantial evidence in the record that contradicts Plaintiff's allegations of limitations from her mental impairments. (R. 33). The ALJ's credibility assessment is therefore based on substantial evidence sufficiently accounted for in the ALJ's residual functional capacity assessment of Plaintiff. Plaintiff's motion for remand on the issues of Plaintiff's credibility is thus without merit and is DENIED. *See Sloan v.* Colvin, 24 F.Supp.3d 315, 328-29 (W.D.N.Y. 2014) (no remand where ALJ evaluated Plaintiff's credibility based on Plaintiff's testimony, activities of daily living and conflicting medical evidence).

**Opinion of N.P. White**

The ALJ afforded little weight to the opinion of N.P. White finding N.P. White's opinion that Plaintiff would be unable to maintain employment (R. 383), inconsistent with treatment notes showing that Plaintiff's mental health symptoms were related to financial stress and non-compliance with Plaintiff's psychotropic medication, based on Plaintiff's subjective complaints, and inconsistent with Plaintiff's reported activities of daily living. (R. 32-33). Plaintiff challenges the little weight afforded to the opinion of N.P. White because as the ALJ afforded greater weight to non-examining sources, mischaracterized Plaintiff's reported activities of daily living, and substituted that ALJ's opinion for the opinion of N.P. White. Plaintiff's Memorandum at 23-24. Defendant

maintains that N.P. White's opinion is inconsistent with N.P. White's own treatment notes and benign medical findings, Dr. Ransom's consultative medical evaluation, and the testimony of Tom England, M.D. ("Dr. England"), during Plaintiff's hearing on May 10, 2016. Defendant's Memorandum at 27-29.

Substantial evidence supports the ALJ's determination to afford little weight to N.P. White's opinion that Plaintiff would have difficulty staying on task and working at a normal pace and, thus, is unable to maintain employment. In particular, N.P. White's psychotherapy sessions with Plaintiff showed Plaintiff with improved symptoms on April 30, 2014 (R. 405) (feels somewhat better, depressed but less anxious), October 7, 2015 (R. 440) (working full time since May), November 18, 2015 (R. 443) (doing well), January 13, 2016 (R. 446) (using less Xanax and fairly stable mood), and February 23, 2016 (R. 413) (good response to Abilify). On March 11, 2013, Luong Ngoc Vo, D.O. ("Dr. Ngoc Vo"), evaluated Plaintiff with no depression, anxiety, panic attacks or frequent mood swings. (R. 512). On May 7, 2014, Darryl C. Wenner, D.O. ("Dr. Wenner"), evaluated Plaintiff with appropriate mood and behavior and linear and goal direct thought processes. (R. 527). On April 28, 2014, Dr. Ransom completed a consultative psychiatric evaluation and assessed Plaintiff with no difficulty understanding and following simple directions and instructions, performing simple tasks independently, maintaining attention and concentration and a schedule, mild limitations to performing complex tasks, relating adequately with others and appropriately dealing with stress (R. 390), and opined that Plaintiff's psychiatric difficulties would only mildly impact Plaintiff's ability to function and not significantly interfere with Plaintiff's ability to function on a daily basis. (R. 391). The ALJ's determination to afford little weight to

N.P. White's opinion that Plaintiff would have difficulty with training and maintaining skills for most jobs and was unable to maintain employment (R. 32, 383), is therefore supported by substantial evidence in the record. Plaintiff's motion on this issue is DENIED.

The court declines to discuss Plaintiff's remaining argument that the ALJ mischaracterized Plaintiff's crying spell reported to N.P. White on April 30, 2014, as the ALJ's determination to afford little weight to the opinion of N.P. White is supported by substantial evidence, Discussion, *supra*, at 13, and the ALJ's residual functional capacity assessment of Plaintiff is supported by substantial evidence in the record.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 9) is DENIED; Defendant's motion (Doc. No. 11) is GRANTED. The Clerk of Court is ordered to close the file. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: November 15, 2018
          Buffalo, New York